IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DARREL LAWRENCE HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-03025-S-WBG |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Pending is Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). Doc. 23. Counsel seeks attorneys' fees in the amount of $16,342.50 for work performed before this Court. Defendant does not object to Plaintiff's fee request but notes attorneys' fees of $6,150.00 were previously awarded to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"). Doc. 24. If section 406(b) fees are awarded, Defendant requests the Court direct Plaintiff's counsel to refund to Plaintiff the lesser of the EAJA or section 406(b) fees. *Id.*

## I. PROCEDURAL BACKGROUND

In June 2014, Plaintiff applied for disability insurance benefits and supplemental security income. Doc. 23-1 at 2. After his applications were denied initially and by an Administrative Law Judge ("ALJ"), Plaintiff appealed to the Appeals Council. *Id.* In May 2017, the Appeals Council remanded Plaintiff's claim to the ALJ. *Id.*

In October 2018, Plaintiff again appeared for a hearing before an ALJ. *Id.* After the ALJ issued another unfavorable decision, Plaintiff sought review of the decision with the Appeals

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is automatically substituted as Defendant in this suit.

Council. *Id*. The Appeals Council denied his request for review. *Id*. Plaintiff retained the Parmele Law Firm and entered into a fee agreement.[2] *Id*.; *see also* Doc. 23-5. Shortly thereafter, Plaintiff appealed to this Court. Doc. 3. On July 15, 2021, this Court reversed the Commissioner of Social Security's decision and directed an award of benefits under 42 U.S.C. § 405(g). Doc. 16. Plaintiff was awarded $65,370.00 in past due benefits under Title II of the Social Security Act. Doc. 23-1 at 2; Doc. 23-4.

The Court previously awarded $6,150.00 in attorneys' fees pursuant to the EAJA. Doc. 20. Plaintiff's counsel now seeks an award of twenty-five percent of the past due benefits awarded for work done before this Court pursuant to 42 U.S.C. § 406(b). Doc. 23. The Commissioner does not oppose Plaintiff's request for $16,342.50 in attorneys' fees. Doc. 24.

## II. ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

When a court issues a judgment in favor of a social security benefit claimant represented by counsel, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

The twenty-five percent statutory maximum is not an automatic entitlement, and the court must ensure the requested fee is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When evaluating the reasonableness of a fee, "the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results received, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel."

---

[2] In consideration of the services rendered before this Court, Plaintiff agreed counsel would be entitled to 25% of any back pay, and he would be refunded the lesser amount of the fees payable pursuant to the EAJA or the fees under 42 U.S.C. § 406(b). *See* Doc. 23-5.

2

*Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08). Furthermore, where a plaintiff was previously awarded fees under the EAJA, counsel must offset any 42 U.S.C. § 406(b) fee award by refunding the smaller fee. *Gisbrecht*, 535 U.S. at 796.

### III. DISCUSSION

Plaintiff's counsel seeks fees of $16,342.50, or twenty-five percent of the past-due benefits, minus $6,150.00, for past work performed before this Court. *See* Doc. 23. As an initial matter, Plaintiff's agreement to pay the Paramle Law Firm twenty-five percent of the total past-due benefits does not exceed the statutory maximum. *See* 42 U.S.C. § 406(b)(1)(A). The Court must next consider whether the fee claimed is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.")

The Court notes Plaintiff's counsel achieved optimal results for their client. Counsel successfully argued for and obtained remand from the Court, resulting in an award of $65,370.00 in past-due benefits for Plaintiff. Accordingly, the quality of the representation from the Parmele Law Firm gives the Court no reason to reduce the requested fee amount. Likewise, the record does not suggest any unreasonable delay due to Plaintiff's counsel. As such, the Court does not impose a reduction for delay.

Finally, the requested fees are not excessive relative to the time spent on work before this Court. To measure whether counsel's fee is proportional to the time spent working, this Court has compared the requested fee as though it were an hourly rate divided by 2.8 – meant to represent the statistical likelihood of success – with the normal hourly rate counsel might receive on a non-contingent basis. *See, e.g.*, *Teel v. Colvin*, No. 12-03437-CV-S-DGK, 2014 WL 4185725, at *2 (W.D. Mo. Aug. 22, 2014); *Burton v. Astrue*, No. 07-0231-CV-W-DGK, 2011 WL 5117655, at

3

*1-2 (W.D. Mo. Oct. 26, 2011); *Whitehead v. Barnhart*, No. 01-0095-CV-W-FJG, 2006 WL 910004, at *2 (W.D. Mo. Apr. 7, 2006).

Here, the Parmele Law Firm claims a total of thirty hours of work. Doc. 23-6 at 1-2. Dividing the total requested fees by the number of hours worked the hourly rate is approximately $544.75 ($16,342.50 ÷ 30 = $544.75). If the hourly fee is then divided by 2.8 to account for the likelihood of success, the equivalent hourly rate would be $194.55. This amount is less than the EAJA statutory rate of $205 for legal services performed by counsel in 2020 and 2021. *See* Docs. 18, 20. The Government also agrees that the requested fees in this matter are reasonable. Doc. 24 at 3. Thus, the equivalent hourly rate requested here is not excessive, and the Court will not reduce the requested fee as disproportional.

Upon careful consideration of the *Gisbrecht* factors, and in consideration of the contingent fee agreement, the Court concludes the requested fee is reasonable. For the reasons discussed herein, it is

ORDERED that Plaintiff's Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 23) is **GRANTED**. Pursuant to 42 U.S.C. § 406(b)(1)(A), attorneys' fees in the amount of $16,342.50 are awarded to Plaintiff's counsel. It is further

ORDERED that counsel shall refund Plaintiff the amount of $6,150.00 previously awarded under the EAJA.

**IT IS SO ORDERED.**

DATE: February 8, 2022          */s/ W. Brian Gaddy*
                                W. BRIAN GADDY
                                UNITED STATES MAGISTRATE JUDGE